UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:24-CV-106-HAB |
| ) | |
| OJ CITY, LLC d/b/a EUCLID TAP and ) | |
| CORRINA GARCIA, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Defendant Corrina Garcia ("Garcia") was injured in a bar fight at the Euclid Tap. Euclid Tap is owned and operated by Defendant OJ City, LLC ("OJ City"). After Garcia sued OJ City and her assailant in state court, Plaintiff Scottsdale Insurance Company ("Scottsdale"), OJ City's insurer, filed this declaratory judgment action. Scottsdale seeks a judicial declaration that it has no defense or indemnity duties to OJ City for Garcia's claims.

Scottsdale now moves for summary judgment. (ECF No. 33). Scottsdale argues that the plain language of its Assault and/or Battery Limited Liability Coverage Endorsement ("A&B Endorsement") excludes coverage for Garcia's claims under its Commercial General Liability Coverage Form. Neither Defendant has responded, and the time to do so has passed. The Court agrees with Scottsdale's general premise, but finds that the A&B Endorsement expressly covers Garcia's claims, even if subject to lower limits. The Court now so declares.

**I.   Factual Background**

**A.   *The Policy***

At all relevant times OJ City was insured by Scottsdale under Policy No. CPS7054038 ("Policy"), with effective dates of September 4, 2019, through September 4, 2020. The Policy

provided both Commercial General Liability and Commercial Property Coverage, subject to exclusions and endorsements.

Coverage A under the Commercial General Liability Coverage Form ("CGL Form") covered Bodily Injury and Property Damage. It states, in part, "[w]e will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." (ECF No. 35 at 99). Coverage A is subject to several exclusions in the CGL form, none of which apply.

The A&B Endorsement (ECF No. 35 at 25-29) expressly modifies the CGL Form. (*Id*. at 25). The A&B Endorsement provides that "except as provided" in the A&B Endorsement, the Policy does not cover "bodily injury" arising from "Assault and/or Battery," regardless by whom it is committed, the failure to prevent an assault and/or battery, the selling or furnishing of alcohol that results in an assault and/or battery, or negligent employment practices related to an assault and/or battery. The A&B Endorsement further proves that "[w]e will have no duty to defend any 'suit' against you seeking 'damages' as a consequence of any such injury unless coverage is provided by this endorsement." (*Id*. at 26).

The next part of the A&B Endorsement, conspicuously missing from the excerpts contained in Scottsdale's briefing, is the assault and battery insuring agreement. The insuring agreement provides that Scottsdale will both defend and indemnify OJ City for damages arising out of bodily injury to any person caused by an assault and/or battery so long as the bodily injury occurs on the insured premises and during the policy period. (*Id*.). There are several coverage exclusions, including for contractual liability, assault and/or battery by an employee or relative of an employee, punitive and exemplary damages, and sexual assault. (*Id*. at 27). The coverage limits

under the A&B Endorsement are $25,000 per occurrence and $50,000 aggregate, much lower than the limits under the CGL Form.

**B.**     *The Underlying Suit*

In February 2021, Garcia sued OJ City and Austin Earl Williams ("Williams") in Lake Count, Indiana, Superior Court under Cause No. 45D11-2102-CT-155 ("Underlying Suit"). Garcia alleged that she was attacked by Williams at the Euclid Tap in August 2020. She claimed that OJ City was negligent for failing to provide a "safe social environment," for serving alcohol to Williams, "a person with a known violent history," and for failing to prevent the attack. Garcia also pleaded a *respondeat superior* claim, seeking to hold OJ City liable for the acts of its employees.[1] (ECF No. 1-3)

**II.**     **Legal Analysis**

**A.**     *Summary Judgment Standard*

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must marshal and present the Court with evidence on which a reasonable jury could rely to find in their favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court must deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (citations omitted). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide,

---

[1] OJ City won summary judgment on two additional claims brought by Garcia. Those claims are not relevant for the purposes of the Court's analysis.

based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Facts that are outcome determinative under the applicable law are material for summary judgment purposes. *Smith ex rel. Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists cannot create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). A court is not "obliged to research and construct legal arguments for parties." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011).

Scottsdale's motion for summary judgment is unopposed. That said, "entry of a summary judgment motion as unopposed does not automatically give rise to a grant of summary judgment. Instead the district court is still obliged to consider the motion on its merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate." *Pike v. Nick's Eng. Hut, Inc.*, 937 F. Supp. 2d 956, 969 (S.D. Ind. 2013).

**B.**     ***Coverage Exists for the Underlying Suit under the A&B Endorsement, but not the CGL Form***

This case tasks the Court with interpreting an insurance policy. Interpretation of an insurance policy is a question of law. *Tate v. Secura Ins.*, 587 N.E.2d 665, 668 (Ind. 1992). If the language of the policy is clear and unambiguous, it should be given its plain and ordinary meaning. *Id*. A policy is not ambiguous simply because there is a controversy concerning its interpretation. *Allstate Ins. v. Kepchar*, 592 N.E.2d 694, 697 (Ind. Ct. App. 1992).

As Scottsdale notes, Indiana courts have found substantively similar assault and battery exclusions to be unambiguous and enforceable. *Everhart v. Founders Ins.*, 993 N.E.2d 1170, 1175

4

(Ind. Ct. App. 2013). The Court finds the A&B Endorsement to also be unambiguous and enforceable. It unambiguously modifies the CGL Form, and states that "except as provided by [the A&B] endorsement," the Policy provides no coverage for assault and/or battery, failure to prevent an assault and/or battery, and serving alcohol resulting in assault and/or battery. Those are the exact allegations made by Garcia in the Underlying Suit. The Court agrees with Scottsdale, then, that the A&B Endorsement means there is no duty to defend or indemnify under Coverage A of the CGL Form.

That does not mean, however, that there is no duty to defend or indemnify under the Policy. As noted above, the rest of the A&B Endorsement expressly covers damages arising out of an assault and/or battery. The only requirements are that the injury occurred at the "designated premises" and during the policy period. (ECF No. 35 at 26). Both conditions are met here. And the Court does not find that the allegations of the Underlying Suit bring it within any of the exclusions to coverage. Scottsdale does, then, have a duty to defend and indemnify up to the $25,000/$50,000 limits of the Assault and/or Battery Liability Coverage. *See Colvin v. Nautilus Ins.*, 689 S.W.3d 736 (Ky. Ct. App. 2024) (finding coverage under a similarly worded abuse or molestation endorsement).

### III. Conclusion

For these reasons, the Court GRANTS IN PART Scottsdale's motion for summary judgment. (ECF No. 33). The Court DECLARES that:

1. Scottsdale has no duty to defend or indemnify OJ City under Coverage A, Bodily Injury and Property Damage Liability, to the Commercial General Liability Coverage Form of the Policy, for the claims of Garcia in the Underlying Suit.

2. Scottsdale has a duty to defend and indemnify OJ City under the Assault and/or Battery Liability Coverage of the A&B Endorsement, up to the applicable insurance limits, for the claims of Garcia in the Underlying Suit.

Scottsdale's Motion for Ruling (ECF No. 37) is DENIED as moot. With no issues remaining, the Clerk is DIRECTED to close this case.

SO ORDERED on January 14, 2025.

                                          s/ *Holly A. Brady*
                                          JUDGE HOLLY A. BRADY
                                          UNITED STATES DISTRICT COURT